UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 6:12-CR-58-GFVT-HAI-8 |
| ANTHONY DAMRON, | ) ) | RECOMMENDED DISPOSITION |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On referral from District Judge Van Tatenhove (D.E. 352 at 2), the Court considers reported violations of supervised release conditions by Defendant Anthony Damron. Judge Van Tatenhove entered an initial judgment against Defendant on October 15, 2013, on one count of conspiracy to distribute a quantity of pills containing oxycodone. D.E. 235 at 1. Defendant was sentenced to fifty-seven months of imprisonment followed by five years of supervised release. *Id*. at 2-3. On August 19, 2015, Judge Van Tatenhove granted Defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reduced his sentence from fifty-seven months to forty-six months. D.E. 324. Defendant began his supervised release on April 13, 2016.

**I.**

On August 14, 2017, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated this revocation. The Report charges, as Violation #1, a violation of Special Condition #7 requiring that Defendant "shall not unlawfully possess . . . a controlled substance." D.E. 235 at 3. This is a grade C violation. The Report also charges, as Violation #2, that Defendant committed another federal, state, or local crime by possessing methamphetamine, which is a violation of 18 U.S.C. § 844(a) and a class E felony.

This is a grade B violation. The Report specifically alleges that, on July 27, 2017, the USPO conducted a routine home contact and collected a urine sample. This sample was positive via laboratory testing for methamphetamine.

## II.

On August 31, 2017, Defendant appeared before the Court on a summons for an initial appearance pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. D.E. 356. The Court set a final hearing following a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id*. The Court recessed during the initial appearance for the USPO to administer a urine screen to Defendant, which was negative. The United States made an oral motion for interim detention and Defendant argued for release. *Id*. The Court found that Defendant met his burden under 18 U.S.C. § 3143(a) to justify release and admonished him to abide by all of his original supervised release conditions while on release. *Id.* The USPO collected a sample for laboratory testing on September 1, 2017, and administered an instant test on September 5, 2017. The Court had not received the results from the urine collected on September 1, 2017, by the time of the final hearing. Following the hearing, the USPO reported to the undersigned that the September 1 sample tested negative. The instant urine screen on September 5, 2017, was negative for any controlled substances.

At the final hearing on September 6, 2017, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 358. Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations #1 and #2. *Id*. For purposes of Rule 32.1 proceedings, Defendant admitted the factual basis for the violations as described in the Report. In the Supervised Release context, the Sixth Circuit treats controlled substance use as equivalent to possession. *See United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Given

Defendant's criminal history that includes a previous drug conviction, Violation #2 constitutes felony conduct in violation of 21 U.S.C. § 844. The United States thus established both violations under the standard of § 3583(e).

The parties agreed to a sentence of 30 days to be served intermittently on weekends and a total supervised release term of four years.

## III.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the section 3553 factors imported into the section 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was convicted of the Class C felony of conspiracy to distribute a quantity of pills containing oxycodone. *See* 21 U.S.C. §§ 846; 841(b)(1)(C); 18 U.S.C. § 3559(a)(3). Defendant's conviction carries a twenty-four-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(C), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438-39 (6th Cir. 2007) ("[T]he policy statements found in Chapter Seven of the United States Sentencing Guidelines . . . 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under section 7B1.1, Defendant's admitted conduct would qualify as a Grade B violation. Given Defendant's

3

criminal history category of III (the category at the time of the conviction in this District) and a Grade B violation, Defendant's Range under the Revocation Table of Chapter 7 is eight to fourteen months. U.S.S.G. § 7B1.4(a).

The United States argued for a thirty-day term of imprisonment to be served intermittently on weekends, with Defendant's supervised release conditions to apply while he is not in custody, and a total supervised release term of four years. The government also argued for increased, random drug testing at the discretion of the UPSO. The government noted that revocation was mandatory because Defendant possessed a controlled substance and argued for four additional years of supervised release to protect the public from dangerous drug trafficking. Regarding the nature and circumstances of the offense and the history and characteristics of Defendant, the government expressed concern about Defendant's violent criminal past and the history of drug use. However, the government noted that Defendant's drug use history did not indicate an addiction to methamphetamine and Defendant's underlying conviction did not involve methamphetamine. The government also noted that Defendant willingly appeared before the Court for the initial appearance and the final supervised release violation hearing. The government stated that, while it recommends a lenient sentence for these violations, if Defendant appeared before the court again due to drug use, it would recommend revocation at the high end of, or above, the Guidelines Range.

Counsel for Defendant agreed with the government and noted that, until these violations, Defendant had successfully abided by the conditions of his supervised release, remained cooperative with his probation officer, had a supportive relationship with his wife, and continued to maintain full-time employment. Counsel emphasized that his employer would welcome him back if he remained out of custody.

4

Defendant addressed the Court and stated that he is proud of his progress while being on supervised release. He emphasized his willingness to abide by any increased drug testing conditions the Court may impose and promised not to "let [the Court] down."

**IV.**

To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant was involved in a dangerous conspiracy to distribute oxycodone pills. Defendant's history indicates that he was prescribed pain medication and became addicted to it, which abuse led to trafficking.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public. Defendant's criminal history reflects significant violence, including convictions for reckless homicide and assault involving domestic violence, as well as for drug trafficking. Incarceration is necessary to protect the public. However, other than the current violations, Defendant has consistently attempted to abide by the conditions of his supervised release, including maintaining full-time employment and cooperating with the USPO. As to opportunities for education and treatment, after Defendant attended three substance abuse counseling sessions, his substance abuse counselor advised the USPO that he did not require substance abuse counseling.

5

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender. The particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e). His use of methamphetamine is a significant breach of the Court's trust given the Court's previous grant of leniency when he received an original sentence at the lower end of the Guidelines Range. While the Court is willing to grant Defendant a lenient sentence again, it will recommend a much harsher sentence if he violates in the future.

A thirty-day sentence, to be served intermittently on weekends, is below the Guidelines Range. Here, the below-Guidelines penalty is justified because Defendant has made significant progress while on supervised release, shows a commitment to maintaining employment and continuing to improve himself, and the Court believes he will continue to make progress. *See Johnson*, 640 F.3d at 205-06 (explaining that courts must give specific reasons for deviating from the Guidelines Range and ensure that the extent of the deviation is justified); 18 U.S.C. § 3553(c)(2). Additionally, the Court believes that thirty days of intermittent incarceration and four years of supervised release as recommended by the parties is adequate to deter similar future conduct, protect the public, and address the breach of the trust that has occurred. For the reasons discussed above, the Court finds this penalty is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's conviction does not carry a maximum term of supervised release due to the nature of the underlying offense. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C). Accordingly, and for the reasons stated above, the Court will recommend that supervised release be re-imposed for four years. The existing conditions afford the USPO the discretion to increase drug testing as necessary.

Based on the foregoing, the Court **RECOMMENDS**:

1. That Defendant be found guilty of both violations;
2. Revocation with a term of thirty days of imprisonment, to be served intermittently on weekends, commencing at a time to be arranged by the USPO, and beginning on Friday evenings and continuing until Sunday evenings; and
3. A four-year term of supervised release under the same conditions previously imposed, with increased, random drug testing at the discretion of the USPO.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. The parties have agreed to reduce the period in

which they may appeal the recommendation from fourteen days to three days. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 12th day of September, 2017.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge