UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:12-cr-58-GFVT-HAI-8 |
| ) | |
| V. ) | |
| ) | |
| ANTHONY DAMRON, ) | **ORDER** |
| ) | |
| ) | |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 359] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant, Anthony Damron, is charged with violating his supervised release as he possessed methamphetamine, a controlled substance, in violation of the terms of his supervised release as well as state and federal law. [R. 359 at 1.] Judgment was originally entered against the Defendant on October 15, 2013, after Mr. Damron pled guilty to a engaging in a conspiracy to distribute pills containing oxycodone. *Id.* He was originally sentenced to fifty-seven months but, pursuant to 18 U.S.C. § 3582(c)(2), Defendant's sentence was reduced to forty-six months. Mr. Damron began his term of supervised release on April 13, 2016. [R. 359 at 1.]

During a routine home contact, the Probation Officer collected a urine sample which tested positive for methamphetamine. [R. 359 at 1-2.] Defendant was summoned and appeared for an initial appearance, at which Mr. Damron provided a sample to the USPO that tested negative for methamphetamine. *Id.* at 2. At the final revocation hearing, held on September 6,

2017, the Defendant competently entered a knowing, voluntary, and intelligent stipulation to Violations 1 and 2 that had been charged by the Probation Officer in the Supervised Release Violation Report. [R. 359 at 2.] On September 12, 2017, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Damron's supervised release and a term of thirty days of imprisonment, to be served intermittently on weekends, commencing at a time to be arranged by the USPO. *Id.* at 7. The Magistrate Judge recommended that the imprisonment begin on Friday evenings and proceed until Sunday evenings.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence, and particularly noted that Defendant's revocation was mandatory since the Defendant was in possession of a controlled substance. [R. 359 at 4.] The United States noted that the Defendant's prior drug use and distribution did not involve methamphetamine. Also, the Magistrate Judge recognized that, until this violation, the Defendant had been "cooperative with his probation officer . . . [and] maintain[ed] full-time employment" during his period of supervised release. [R. 359 at 4.] The Magistrate Judge has recommended a below-Guidelines penalty and feels that this sentence is "justified because Defendant has made significant progress while on supervised release, shows a commitment to maintaining employment and continuing to improve himself, and the Court believes he will continue to make progress." [R. 359 at 6.] Notably, this Court will echo the Magistrate Judge's warning that, in light of the Defendant's original sentence at the lower end of the Guidelines Range and this below-Guidelines revocation, future violations will result in increasingly harsh penalties.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 7-8.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed and Defendant

Damron submitted a waiver of allocution. [R. 360.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 359**] as to Defendant Anthony Damron is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Damron is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Damron's Supervised Release is **REVOKED**;

4. Mr. Damron is **SENTENCED** to the Custody of the Bureau of Prisons for a term of thirty days of imprisonment, to be served intermittently on weekends, commencing at a time to be arranged by the USPO, and beginning on Friday evenings and continuing until Sunday evenings;

5. A four-year term of supervised release under the same conditions previously imposed, with increased, random drug testing at the discretion of the USPO.

This the 22nd day of September, 2017.

Gregory F. Van Tatenhove
United States District Judge