UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-00058-GFVT-HAI-8 |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY DAMRON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 379] filed by United States Magistrate Judge Hanly A. Ingram. Defendant Anthony Damron is charged with four violations of his supervised release stemming from his possession and use of marijuana and cocaine in December 2017 and January 2018, respectively. [*Id.* at 1-2.] At a final revocation hearing before Judge Ingram on February 14, 2018, Mr. Damron admitted the factual basis for these violations. [*See id.* at 3.] The matter was then referred to Judge Ingram to recommend a proposed disposition.

On February 15, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Damron's supervised release and a fourteen-month term of imprisonment followed by a four-year term of supervised release. [*Id.* at 9.] In structuring this recommendation, Judge Ingram noted that defendant's current violation is not connected to his underlying conviction or opiate addiction, but nonetheless "presents a concern that Defendant will begin to traffic drugs again." [*Id.* at 7.] The Magistrate disagreed with the defense's

proposition that Damron could benefit from inpatient drug rehabilitation because Damron's untruthfulness about his drug use undermines his willingness to seek treatment. [*Id.* at 8.] Judge Ingram also noted Damron's continued breach of the Court's trust, especially considering the leniency he received upon his initial revocation. [*Id.*] The Court notes that Damron, knowing he would be appearing before the Magistrate Judge on an initial appearance related to his supervised release violation, still used cocaine in advance of that hearing. [*Id.* at 2, 9.] On the whole, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his Recommended Disposition, and he adequately explained why a sentence at the top of the guideline range is appropriate in this case.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 7.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition have been filed by either party. Indeed, Defendant Damron, through counsel, filed a waiver of allocution. [R. 383.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

1. The Recommended Disposition [**R. 379**] as to Defendant Anthony Damron is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Damron is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Damron's Supervised Release is **REVOKED**;

4. Mr. Damron is **SENTENCED** to the Custody of the Bureau of Prisons for a fourteen-month term of imprisonment; and

5. Following his release from incarceration, Mr. Damron is placed on supervised release for a period of four years.

This the 2nd day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge