UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:12-cr-00058-GFVT-HAI-8 |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY DAMRON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 421.] Defendant Anthony Damron has been charged with violating his terms of supervised release. On October 15, 2013, this Court sentenced Mr. Damron to fifty-seven months imprisonment followed by a five-year term of supervised release following his guilty plea to one count of conspiracy to distribute a quantity of pills containing oxycodone. [R. 235.] On August 19, 2015, this Court granted Mr. Damron a sentence reduction, reducing his sentence to forty-six months. [R. 324.] Following fourteen months of imprisonment, Mr. Damron began a third term of supervised release February 6, 2019. About two-and-a-half years later, on July 8, 2021, the USPO issues a Supervised Release Violation Report that charged Mr. Damron with five violations, including: (1) a Grade C violation for the unlawful use of methamphetamine; (2) a Grade B violation for committing another federal, state, or local crime—the possession of methamphetamine; (3) a Grade C violation for the use of alcohol; (4) a Grade C violation for committing another federal, state, or local crime based on his failure to maintain auto insurance related to a vehicle collision he was involved in; and (5) A

Grade C violation for failing to notify his probation officer within seventy-two hours of any arrest or questioning by law enforcement. On July 20, 2021, the USPO issued an Addendum, charging Mr. Damron with an additional Grade C violation for, once again, failing to abstain from the use of alcohol.

Judge Ingram conducted an initial appearance on August 3, 2021, and scheduled a final hearing for August 24, 2021. [R. 416.] At the final hearing, Mr. Damron entered a knowing, voluntary, and intelligent stipulation to both violations. [*Id.*]

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition. Judge Ingram found that Mr. Damron's admitted violations qualify as Grade C and Grade B violations, and given Mr. Damron's criminal history category of III, his imprisonment range under USSG § 7B1.1(b) was eight-to-fourteen months. [R. 421 at 7–8.] Judge Ingram additionally found that Congress mandates revocation in a case of this nature and that no exception to the rule applies here. [*Id.* at 8] (citing 18 U.S.C. § 3583(g)(1)).

In making his recommendation, Judge Ingram found that (1) Mr. Damron was involved in a serious and significant drug trafficking conspiracy; (2) his drug abuse creates a risk of dangerous recidivism; (3) his violent past and felony conduct pose a risk to society; and (4) noted his blatant breaches of this Court's trust in the past. [*Id.* at 9–10.] Accordingly, Judge Ingram recommends that this Court find Mr. Damron guilty of all violations and impose a fourteen-month term of imprisonment, followed by no term of supervised release in light of Mr. Damron's repeated violations. [*Id.* at 10–11.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of

service.  [*Id.*]; *see* 28 U.S.C. § 636(b)(1).  Mr. Damron has not filed any objections to Judge Ingram's Report and Recommendation.  Further, on September 10, 2021, Mr. Damron filed a waiver of allocution.  [R. 423.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Anthony Damron **[R. 421]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Damron is found **GUILTY** of all violations;

3. Mr. Damron supervised release is **REVOKED**;

4. Mr. Damron is hereby sentenced to the Custody of the Bureau of Prisons for a term of imprisonment of **fourteen (14) months**, followed by no term of supervised release.

5. Judgment shall enter promptly.

This the 16th day of September, 2021.

Gregory F. Van Tatenhove
United States District Judge